STATE *v.* CARROLL

STATE OF NORTH CAROLINA v. JAMES WILSON CARROLL

No. 7010SC249

(Filed 27 May 1970)

**Criminal Law §§ 151, 155.5— failure to comply with statutes and court rules — dismissal of appeal**

Appeal is dismissed for failure to comply with the North Carolina Statutes and the Rules of Practice in the Court of Appeals where the record does not show any notice of appeal given in open court or within 10 days from the rendition of the judgment, and the record on appeal was filed after the time for perfecting the appeal had expired and after the Court of Appeals had denied defendant's petition for a writ of certiorari.

PURPORTED appeal from *Godwin, S.J.*, 13 October 1969 Criminal Session, WAKE Superior Court.

The record in this case discloses that the defendant was charged in a warrant with driving a motor vehicle on the public highways while under the influence of an intoxicating liquor and with a second charge of illegal transportation of tax-paid whiskey. The defendant, through his personally-employed attorney, tendered a plea of guilty to each offense.

"The Superior Court Judge adjudged that the two charges be consolidated for judgment and that the defendant be imprisoned for a term of 90 days in the Wake County jail. The execution of the sentence was suspended upon compliance of the following condition, to wit, that the defendant pay a fine of $200 and the costs.

The defendant complied with the judgment of the Superior Court by paying the fine and costs on October 14, 1969. The defendant also surrendered his driver's license to the Clerk of the Superior Court on October 14, 1969."

The record does not show any notice of appeal given either in open court or within 10 days from the rendition of the judgment.

On 14 January 1970, the time for perfecting an appeal having expired, the defendant filed a petition for a writ of certiorari to review the judgment of Superior Court. This petition was denied by this Court in conference on 4 February 1970. The defendant, nevertheless, caused statement of case on appeal to be served upon the Solicitor of Wake County on 27 February 1970, and filed the case on appeal in this court on 5 March 1970.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, Staff Attorney T. Buie Costen for the State.*

*William T. McCuiston for defendant appellant.*

CAMPBELL, J.

Appeal dismissed for failure to comply with the North Carolina Statutes and the Rules of Practice in the Court of Appeals of North Carolina.

PARKER and VAUGHN, JJ., concur.

---

MARGARET FONVIELLE v. W. ALEX FONVIELLE, JR.

No. 705DC165

(Filed 27 May 1970)

**Divorce and Alimony §§ 16, 23— alimony without divorce — child support — husband's anticipation of decrease in earnings**

> In the wife's action for alimony without divorce and for child support, the Court of Appeals will not disturb an order of the trial court requiring the husband to make substantial payments to the wife for alimony and for support of the minor children, notwithstanding the husband's contention that he anticipates a substantial decrease in earnings, since the order is temporary in nature and is subject to modification upon change of circumstances.

APPEAL by defendant from *Burnett, District Judge,* November 1969 Session, NEW HANOVER District Court.

This is an action instituted by plaintiff wife for alimony without divorce (G.S. 50-16.2(7)); for custody of, and support for, the minor children born of the marriage (G.S. 50-13.5(b)(3)); for alimony *pendente lite* (G.S. 50-16.3); and for counsel fees (G.S. 50-13.6 and 50-16.4).

Upon the *pendente lite* hearing the evidence tended to show that plaintiff was a dependent spouse; that she was entitled to the relief demanded in her action for alimony without divorce; and that the interest and welfare of the minor children would best be promoted if their custody be granted to plaintiff. The evidence further tended to show that defendant was capable of, and actually did, earn a substantial income; and that defendant owned real estate and personal property of substantial value.